| iSHORTESS, Judge,
concurring.
Appellant must prove its case by a preponderance of the evidence. Hearsay, while admissible in administrative hearings, may not form the only basis for an administrative decision. The State must use competent evidence before an administrative tribunal in order to satisfy its burden of proof. This elementary evidentiary requirement directly conflicts with Louisiana Revised Statute 46:56(F)(1), which provides, in pertinent part:
F. The following information shall not be subject to waiver and shall not be released to applicants, recipients, or outside sources ...:
(1) Records pertaining to foster care of children, investigations of abuse and neglect of children, and other child welfare services. For the purposes of this Paragraph, case records of children in abuse and neglect and foster care cases may be reviewed by attorneys who are appointed by a court of juvenile jurisdiction to represent the sole interest of the children, and pursuant to court order, such ease records may be reviewed by Courts Appointed Special Advocates appointed pursuant to Article 23.1 of the Code of Juvenile Procedure. However, in no instance shall the name or identifying information regarding a complainant in neglect and abuse cases or the case records of the foster parents be subject to such réview.
(Emphasis added.)
Here, the legislature has attempted to balance the rights of foster parents with the rights of children and determined that potential child abuse complaints are paramount to the extent that persons who complain about children being abused or neglected are to be shielded. However, shielding the identity of state employees who independently develop evidence may not carry the same weight in that balancing test.
I respectfully concur.